IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MARVIN FOSTER**                                                                                       **PLAINTIFF**

**v.**                                             **CIVIL NO.: 3:22-cv-00171-MPM-JMV**

**RITE-HITE PRODUCTS**
**CORPORATION**                                                                             **DEFENDANT**

**ANSWER AND AFFIRMATIVE DEFENSES**

Comes now, Defendant Rite-Hite Products Corporation ("Defendant" or "Rite-Hite") and, in response to Plaintiff Marvin Foster's ("Plaintiff") Complaint (D.E. # 1), affirmatively pleads and answers as follows:

### I.     PARTIES TO THE COMPLAINT

1. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Complaint and, therefore, denies the same.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint as to its principal place of business.

3. Defendant admits that Plaintiff was employed with Defendant at the location alleged in paragraph 3 of the Complaint. Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint

### II.     BASIS FOR JURISDICTION

4. Defendant admits that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. Defendant denies any and all remaining allegations contained in Paragraph 4 of the Complaint.

### III. STATEMENT OF CLAIM

5. Defendant admits that Plaintiff purports to bring this action for termination of employment and retaliation. Defendant, however, denies that any discriminatory adverse employment actions took place. Defendant further denies the remaining allegations contained in Paragraph III-A of the Complaint.

6. Defendant denies that it committed any discriminatory acts whatsoever on April 8, 2021, or any other time, as alleged in paragraph III-B of the Complaint.

7. Defendant has not, nor has ever, committed any discriminatory acts against Plaintiff, as alleged in Paragraph III-C of the Complaint.

8. Defendant denies that it discriminated against Plaintiff on any basis whatsoever including, but not limited to, his age, as alleged in paragraph III-D of the Complaint.

9. Defendant denies the allegations contained in Paragraph III(E) of the Complaint, including each of the allegations set forth on the attachment to the Complaint referenced in this Paragraph, 4-A through 4-D, set forth on those pages as numbered paragraphs (a) through (xx).

### IV. EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

10. Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Defendant denies the remaining allegations contained in Paragraph IV-A of the Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the date that Plaintiff received his Right to Sue Letter and, therefore, denies the allegations contained in Paragraph IV-B.

12. Defendant admits only that 60 days or more have elapsed since Plaintiff filed his Charge of Discrimination with the EEOC, as alleged in Paragraph IV-C of the Complaint.

## V.     RELIEF

13.     Defendant denies that Plaintiff is entitled to any relief claimed in Paragraph V of the Complaint. Defendant further denies that Plaintiff is entitled to any relief whatsoever.

## VI.     CERTIFICATION AND CLOSING

14.     Defendant denies the allegations contained in Paragraph VI of the Complaint.

15.     Defendant would show that Paragraphs VI(A) & (B) do not require and admission or denial by Defendant.

16.     Any and all allegations that have not been heretofore expressly admitted are hereby denied, as if done so verbatim.

## **AFFIRMATIVE AND OTHER DEFENSES**

Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and are Plaintiff's burden to prove. Defendant further avers that Plaintiff's claims are so vague as to render it impossible to identify every possible affirmative or other defense, and thus expressly reserves their right to assert additional defenses should the precise nature of Plaintiff's claims become clear.

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

3.     Plaintiff failed to file a Charge of Discrimination within 180 or 300 days after the alleged employment practice occurred, such that Plaintiff's charge is untimely and Plaintiff's claims are barred.

4.     To the extent Plaintiff's Complaint asserts claims other than those raised in his

EEOC Charge of Discrimination, these claims are barred by his failure to exhaust administrative remedies.

5. Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination Plaintiff filed with the Equal Employment Opportunity Commission.

6. Plaintiff cannot establish age as a "but-for" cause of the challenged adverse employment action. See *Gross v FBL Fin. Servs.*, 557 U.S. 167 (2009); *Burrage v United States*, 134 S.Ct. 881 (2014).

7. Plaintiff's claims for compensatory and punitive damages under the ADEA fail as such damages are not recoverable under the ADEA.

8. Even if Plaintiff were able to prove a violation of the ADEA, which Defendant expressly denies, Plaintiff would not be not entitled to liquidated damages under 29 U.S.C. § 626(b) because any such violation was not a willful violation. At all times relevant to this action, Defendant acted in good faith and had reasonable grounds for believing it did not violate the provisions of the ADEA. See TWA v Thurston, 469 U.S. 111, 129-30 (1985); 29 U.S.C. § 260.

9. All actions taken by Defendant regarding Plaintiff's employment or affecting Plaintiff were based on legitimate, non-discriminatory, non-retaliatory reasons.

10. Even if Plaintiff were to prove a discriminatory factor motivated the alleged actions – which Defendant expressly denies – Defendant would have taken the same action in the absence of such motivation.

11. Plaintiff's causes of action as stated in the Complaint are barred by the doctrine of avoidable consequences because Plaintiff unreasonably failed to make use of Defendant's procedures by failing to timely and properly report any alleged discrimination or retaliation, and

4

Plaintiff's damages could have been avoided in whole or in part by reasonable use of these procedures.

12. Defendant is not liable for punitive damages under federal and/or state law because neither Defendant, nor any of its employees sufficiently high in its upper management or corporate hierarchy, committed any act with malice, intent, or reckless indifference to Plaintiff's federally and/or state protected rights, or approved, authorized, ratified, countenanced, or had actual knowledge of any such acts.

13. Plaintiff has an obligation to mitigate his damages, if any, and has failed to do so.

14. At all times, Defendant's actions were lawful, justified, and made in good faith.

15. Defendant has in place a clear, effective, and well-disseminated policy against discrimination and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. Plaintiff's claims are barred because (1) Defendant took reasonable steps to prevent and correct workplace discrimination; (2) Plaintiff unreasonably failed to use the preventive and corrective measures that Defendant provided; and (3) reasonable use of Defendant's procedures would have prevented at least some of the harm that Plaintiff allegedly suffered.

16. The Complaint sets forth claims that are frivolous, unreasonable, or without foundation, thus entitling Defendant to recover its attorney's fees associated with defending against such claims.

17. Defendant reserves the right to assert additional defenses as may be appropriate based on continuing investigation and discovery.

**WHEREFORE**, having fully answered and responded to the allegations contained in Plaintiff's Complaint, Defendant respectfully requests that Plaintiff's Complaint be dismissed, with

prejudice, in its entirety, that each and every prayer for relief contained in Plaintiff's Complaint be denied, that judgment be entered in favor of Defendant, that Defendant be awarded its costs and attorneys' fees in defending this matter, and that Defendant be granted such other and further relief as this Court may deem just and proper.

DATED: September 12, 2022.

> Respectfully submitted,
>
> OGLETREE, DEAKINS, NASH,
> SMOAK & STEWART, P. C.
>
> _s/ M. Kimberly Hodges_
> M. Kimberly Hodges (MS Bar No. 100276)
> 6410 Poplar Avenue, Suite 300
> Memphis, TN  38119
> Telephone:  901.766.4306
> Telephone:  901.767.6160 (Main)
> Facsimile:   901.767.7411
> Email: kim.hodges@ogletreedeakins.com
>
> **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I, the undersigned counsel, certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system, and that I also served a true and correct copy of the foregoing via electronic and first-class U.S. Mail, postage prepaid, to the following:

> Marvin Foster
> P.O. Box 3874
> Memphis, TN  38173
> Marvinfoster714@yahoo.com
>
> *Pro Se Plaintiff*

On this the 12th day of September, 2022.

> _/s/ M. Kimberly Hodges_
> M. Kimberly Hodges (MBS #100276)
> *Counsel for Defendant*